UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**ERNEST FRANKLIN CLARK,**

        **Petitioner,**

        **v.**                  Case No. 06-C-1289

**MAURY STRAUB,**

        **Respondent.**

---

**RECOMMENDATION THAT THE PETITION FOR A WRIT OF HABEAS CORPUS BE DISMISSED AND ORDER**

---

Ernest Franklin Clark ("Clark") is a person incarcerated pursuant to a federal court judgment. On December 14, 2006, he petitioned this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the basis that the Bureau of Prisons improperly calculated his release date. Clark was sentenced in the Eastern District of Wisconsin to 185 months imprisonment in case number 91-CR-290. Clark was also sentenced to a consecutive 18 months imprisonment by the Eastern District of Kentucky in case number 98-CR-16.

Clark argues that his 185 month sentence was completed on August 1, 2005 and therefore began his 18 month sentence on that date. Thus, it is Clark's position that he should be released on December 19, 2006. However, the Bureau of Prisons calculated the completion of his 185 month sentence to be September of 2005. The matter has been assigned to this court, but no consent to proceed before a magistrate judge has been executed. Therefore, this court's role is limited to making a recommendation regarding disposition.

Dockets.Justia.com

Clark is no stranger to federal habeas litigation. This history was neatly summarized by Judge Lynn Adelman in an order dismissing Clark's last habeas petition that was filed in this district.

> Petitioner was convicted by a jury of armed bank robbery and sentenced to 188 months in prison in 1992. The Seventh Circuit affirmed. United States v. Clark, 989 F.2d 1490 (7th Cir. 1993). Petitioner filed his first motion for collateral relief under § 2255 in 1993. Then-District Judge Evans denied the motion, and the Seventh Circuit affirmed. Clark v. United States, No. 93-3530, 1994 U.S. App. LEXIS 36184 (7th Cir. Dec. 21, 1994). Petitioner filed another motion under § 2255 in May of 1994, which was summarily dismissed by Judge Evans. Clark v. United States, No. 94-C-519 (E.D. Wis. May 25, 1994). The Seventh Circuit again affirmed. Clark v. United States, No. 94- 2341, 1995 U.S. App. LEXIS 22607 (7th Cir. Aug. 11, 1995).
>
> Petitioner filed a third § 2255 motion on January 1, 1996, which Judge Gordon denied on February 14, 1996. Clark v. United States, No. 96-C-2 (E. D. Wis. Feb. 14, 1996). The Seventh Circuit summarily affirmed on October 2, 1997. Clark v. United States, No. 96-1760 (7th Cir. Oct. 2, 1997).
>
> Petitioner filed a fourth motion under § 2255 on September 29, 1997, which was summarily dismissed by Judge Stadtmueller on November 10, 1997. Clark v. United States, No. 97-C-1028 (E.D. Wis. Nov. 10, 1997). Petitioner appealed, and the Seventh Circuit vacated and remanded with instructions that the motion be dismissed for lack of jurisdiction. Clark v. United States, No. 98-1084 (7th Cir. Dec. 9, 1998). Judge Stadtmueller did so on December 21, 1998. (Case No. 91-CR-290, Docket # 93.)
>
> On July 6, 1999, petitioner filed an "Ex Parte Motion to Dismiss for Improper Exercitation of Article III Judge," which Judge Stadtmueller denied on July 9, 1999. (Case No. 91-CR-290, Docket # 94.)
>
> On September 16, 1999, petitioner filed his fifth § 2255 motion, which Judge Gordon dismissed on December 2, 1999. Clark v. United States, No. 99-C-1106 (E.D. Wis. Dec. 2, 1999).
>
> On January 16, 2001, petitioner filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2), arguing that two amendments to the sentencing guidelines had reduced his range of imprisonment. (Case No. 91-CR-290, Docket # 99.) The matter as assigned to me and, after soliciting a response from the government, I concluded that one of the two amendments petitioner cited was retroactively applicable under U.S.S.G. § 1B1.10(c). On January 30, 2002, I reduced his sentence by three months. (Case No. 91 CR-290, Docket # 108.) Petitioner appealed, but the appellate court dismissed for want of prosecution. (Case No. 91-CR-290, Docket # 124.)

>On June 8, 2001, petitioner filed a motion to resurrect and amend the § 2255 motion he had filed in 1994. (Case No. 91-CR-290, Docket # 104.) I denied the motion on January 30, 2002. (Case No. 91-CR-290, Docket # 105.)
>
>On April 10, 2002, petitioner filed a motion to correct the record, or in the alternative for a writ of error coram nobis, or for an independent action for equitable relief pertaining to his § 3582 motion. (Case No. 91-CR-290, Docket # 113.) I denied the motion on June 7, 2002. (Case No. 91-CR-290, Docket # 121.)
>
>On August 1, 2002, petitioner filed "Defendant's Emergency Independent Action in Equity to Set Aside Judgment Entered Pursuant to Counsel's Unauthorized Concession and Agreement." (Case No. 91-CR-290, Docket # 122.) I denied the motion on August 13, 2002. (Case No. 91-CR-290, Docket # 123.)
>
>On August 25, 2003, petitioner filed a motion seeking to amend the § 2255 motion he filed in 1996. (Case No. 91-CR-290, Docket # 125.) I denied the motion on August 29, 2003. (Case No. 91-CR-290, Docket # 126.) Petitioner appealed but the appeal was later dismissed for failure to pay the docketing fee. (Case No. 91-CR-290, Docket # 129.)

(Case No. 05-C-381, Docket #2).

Clark also submitted a petition for a motion to proceed in forma pauperis. Based upon the representations contained in the motion and the attached trust account statement, this court is satisfied that Clark is indigent, and therefore his motion shall be granted.

Turning to the merits of Clark's petition, there is no indication that Clark has exhausted his administrative remedies regarding the calculation of his release date. Before a federal inmate may challenge his release date by way of a § 2241 petition, he must first exhaust his administrative remedies. See 28 C.F.R. §§ 542.10-542.16; United States v. Wilson, 503 U.S. 329, 335 (1992); Romandine v. United States, 206 F.3d 731, 736 (7th Cir. 2000); United States v. McGee, 60 F.3d 1266 (7th Cir. 1995). Because Clark has failed to exhaust administrative remedies in regards to his arguments that the Bureau of Prisons has improperly calculated his release date, his arguments are not properly before this court.

**IT IS THEREFORE ORDERED** that Clark's motion to proceed in forma pauperis is **granted**.

**IT IS FURTHER RECOMMENDED** that Clark's petition be **dismissed**. This case shall be reassigned to a district judge for the purpose of considering this Recommendation and further case management.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal

Dated at Milwaukee, Wisconsin this 22nd day of December, 2006.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge